**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TRENCE ROBINSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| vs. ) | Case No. 10-1431-JAR |
| ) | |
| **CITY OF ARKANSAS CITY,** ) | |
| **KANSAS,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

This is an employment discrimination case in which Plaintiff alleges federal claims of race discrimination and a state law claim under the Kansas Wage Payment Act. Before the Court is Defendant City of Arkansas City's Motion to Review Order of Magistrate Judge Regarding Waiver of Attorney-Client Privilege and Objections Regarding Same (Doc. 165). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court overrules and denies the City's objections to Judge Rushfelt's Order because Judge Rushfelt's ruling that the City waived its objections based on the attorney-client privilege and work product doctrine was not clearly erroneous or contrary to law.

*Background*

On April 11, 2011, Plaintiff served its First Request for Production of Documents ("FRP") to Defendant City of Arkansas City, Kansas ("the City"), requesting eleven categories of documents. Request No. 6 sought: "Copies of any notes or statements taken during interviews of any individual, whether such documents are in documentary form, or recorded via audio or video means, which were taken by you or any agent working on your behalf that relate to any

allegation at issue in the Complaint."

Plaintiff served its response to the FRP on May 11, 2011. In response to Request No. 6, Defendant objected, including "to the extent" it seeks disclosure of documents privileged as attorney-client communication or work product. Defendant did not assert an objection to any other request for production on the basis of the attorney-client privilege or work product doctrine. Defendant produced a privilege log on June 1, 2011, identifying fifteen privileged documents, including witness statements that were responsive to Request No. 6, as well as documents responsive to other requests in the FRP. Defendant maintains that it did not discover these documents until after it responded to the FRP, when it searched its ESI.

On June 13, 2011, Defendant served its Supplemental Responses to Plaintiff's First Request for Production of Documents, identifying additional documents responsive to the requests. Again, Defendant stated an objection based on the attorney-client privilege and work product doctrine only to Request No. 6.

On July 15, 2011, Defendant served an amended privilege log, with an additional twenty pages worth of documents listed as withheld based as attorney-client communications or work product. On August 12, 2011, Defendant produced a Second Amended Privilege Log. Defendant did not indicate the particular request to which each document was responsive.

Plaintiff filed a Motion to Compel on August 24, 2011, that was referred to Judge Rushfelt for decision, arguing that Defendant waived its attorney-client privilege and work product objections under Fed. R. Civ. P. 26 and 34 except as to Request No. 6 by failing to assert them in the response or supplemental response to the FRP. Plaintiff further argued that Defendant failed to carry its burden to prove that the items on the privilege logs were privileged.

Defendant responded to the motion to compel on September 23, 2011, arguing against waiver for several reasons. First, the City argued that its objections based on overbreadth negated any duty to produce privileged documents in response. Second, the City argued that the privileged documents in the Second Amended Privilege Log were uncovered after service of the City's initial responses to the FRP during defense counsel's search of the ESI.

Judge Rushfelt ruled on the motion to compel in a thorough Memorandum and Order filed on February 24, 2012 ("Order"), granting in part and denying in part Plaintiff's motion. Judge Rushfelt recited the standards for responding to requests for production under Rule 34 in general, and to requests for ESI in particular. He also recited the standard for withholding discovery based on claims of privilege and work product under Rule 26(b)(5)(A). Judge Rushfelt found that, except for Request No. 6, Defendant did not timely assert its objections of privilege and work product because it did not assert these objections in its responses to the FRP; therefore, those objections were waived unless he could find good cause for the failure to timely object; he did not. Judge Rushfelt found that any purported overbreadth objection to the requests did not excuse Defendant's untimeliness and found no adequate explanation for Defendant's failure to conduct an ESI search before responding to the FRP. Judge Rushfelt further considered the merits of Defendant's privilege claim with respect to several witness statements taken by counsel that would otherwise be responsive to Request No. 6, ruling that Defendant did not meet its burden of establishing that they are privileged. But Judge Rushfelt found that three of these declarations—Jacobs, Tapia, and Whyde—are protected work product and denied the motion to compel to the extent it sought these witness statements.[1]

---

[1] Because Judge Rushfelt found that Request No. 5 was overbroad, he also found that Defendant has no duty to produce documents listed on the Privilege Log that are responsive to that request.

Defendant filed its motion to review with objections to Judge Rushfelt's Order on March 12, 2012, seventeen days after electronic service of the Order. Defendant objects to Judge Rushfelt's ruling that it waived the attorney-client privilege by failing to lodge objections in the responses to the FRP.

*Discussion*

Fed. R. Civ. P. 72(b) allows a party to provide specific, written objections to a magistrate judge's order. The rule states that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."[2] With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[3] "The clearly erroneous standard applies to factual findings, and 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

---

[2] Fed. R. Civ. P. 72(b).

[3] *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)).

[4] *McCormick v. City of Lawrence*, No. 02-2135-JWL, 2005 WL 1606595, at *2 (D. Kan. July 8, 2005) (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE & PROCEDURE § 3069, at 355 (2d ed. 1997) and quoting *Ocelot Oil*, 847 F.2d at 1464). Defendant incorrectly asserted in its initial brief that an abuse of discretion standard applies. *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658–59 (10th Cir. 2006) (explaining that the district court reviews a nondispositive order under a clearly erroneous or contrary to law standard and the appellate court reviews the district court's ruling for abuse of discretion.).

[5] *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cnty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

The City contends that Judge Rushfelt's Order is clearly erroneous or contrary to law because it: (1) failed to make a finding of bad faith or intentional wrongdoing; (2) failed to consider the merits of the attorney-client and work product objection; (3) found that the City did not comply with Rule 26(b)(5) when it submitted its privilege log; and (4) incorrectly applied federal instead of state law to the issue of waiver. The City also objects that the motion to compel was untimely. Plaintiff responds with procedural and substantive arguments. Plaintiff contends that the Objections are untimely and that the City waived its objections by not raising them before Judge Rushfelt. Further, Plaintiff argues that Judge Rushfelt properly applied governing law when he exercised his discretion in determining that the City waived its objections based on attorney-client privilege or work product protection by failing to assert them in its discovery responses. Plaintiff further contends that Defendant's compliance with Rule 26(b)(5) is not relevant to the waiver inquiry, that federal law was properly applied and that it timely filed its motion to compel.

### 1.    Procedural Issues

Plaintiff argues that the City's objections are untimely because they were not filed within 14 days of Judge Rushfelt's Order.[6] But the Court agrees with Defendant that three days are added to this period of time because the deadline under Rule 72(a) for filing objections runs from the date of service of Judge Rushfelt's Order, and service was made electronically under Rule 5(b)(2)(E).[7] The objections are timely.

Plaintiff next argues that the City waived the objections asserted in this motion for review

---

[6] Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.").

[7] Fed. R. Civ. P. 6(d).

because they were not raised before Judge Rushfelt. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."[8] The Court has reviewed the City's response to the motion to compel and finds that several of its objections were not raised below.[9] As Defendant concedes in a footnote to the Reply, its timeliness argument was not raised before Judge Rushfelt, so it withdrew that argument. Defendant also failed to raise the argument before Judge Rushfelt that state and not federal law controls the waiver issue. Defendant justifies this oversight by inexplicably stating that "it would be unnecessary because the parties cannot control (even through waiver) the applicable law."[10] But Defendant made no suggestion that state law should be applied to the issue in responding to the motion to compel; Defendant instead cited cases from within this district in arguing that bad faith is required to establish waiver. The Court finds that this argument is waived because it was not raised before Judge Rushfelt.

As to Defendant's argument that Judge Rushfelt applied an incorrect standard in determining waiver, the Court finds that it was preserved in the original response—Defendant explicitly argued that bad faith was required to establish waiver. The Court will also consider Defendant's second argument, that Judge Rushfelt erred in failing to reach the merits of the privilege and work product objections, as Defendant also clearly argued in the response why its objections were meritorious. Finally, the Court cannot find that Defendant waived its argument that it complied with Rule 26, as the original response argued that it did not discover the

---

[8]*Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

[9]Doc. 118.

[10]Doc. 186 n.5.

privileged documents until it performed an ESI search after filing its first response to the FRP.

### 2. Substantive Arguments

Judge Rushfelt determined that Defendant waived its privilege and work product objections by failing to assert them in its responses to the FRP, except for Request No. 6. He specifically limited his finding to the failure to assert the objection, not to any failure to timely produce a privilege log or to adequately describe documents listed on the privilege log. Therefore, the Court confines its review to this narrow decision.

Rule 34(b)(2)(B) requires that a party responding to a document request "either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." While Rule 34 does not provide that the responding party waives an objection if not expressly stated, as in Rule 33, it is well established that "all grounds for objections to a request for production under Rule 34 must be specifically stated in a timely response or they are waived."[11] And when documents otherwise discoverable are withheld based on privilege or as work product, Rule 26(b)(5)(A) requires that the withholding party, "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Judges in this district, including Judge Rushfelt below, have repeatedly applied the principle in this context that "waiver is a harsh sanction, reserved only in cases of unjustified delay."[12]  "Minor procedural

---

[11]*In re TJX Cos., Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. 07-1853-KHV-JPO, 2008 WL 2437558, at *5 (D. Kan. June 12, 2008); *see also Linnebur v. United Tele. Assn.*, No. 10-1379-RDR-KGS, 2012 WL 1183073, at 6 (D. Kan. Apr. 9, 2012).

[12]*White v. Graceland Coll. for Prof'l Dev. & Lifelong Learning, Inc.*, 586 F. Supp. 2d 1250, 1266 (D. Kan. 2008); *S.E.C. v. McNaul*, 277 F.R.D. 439, 448 (D. Kan. 2011).

violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver."[13]  In addition to the rules governing waiver under Rules 34 and 26, Judge Rushfelt properly considered Defendant's duties in responding to the FRP under Rule 34. Defendant was required to conduct a reasonably diligent search for documents responsive to requests for production.[14]

Defendant's primary objection to Judge Rushfelt's Order is that he incorrectly applied a good cause standard in finding waiver.  The Court disagrees.  Judge Rushfelt recited the applicable standards in this case as set forth above.  The Court will assume for purposes of this analysis that Defendant did comply with Rule 26(b)(5) when it produced its privilege log.  But this was not the basis of Judge Rushfelt's waiver finding.  Judge Rushfelt's analysis was based on the failure to assert an objection in the responses to Plaintiff's FRP under Rule 34.  Because the Rule 33 good cause standard is also applied in the context of Rule 34, Judge Rushfelt determined whether Defendant had shown good cause for the failure to timely assert its objections to the FRP.[15]  The cases upon which Defendant relies consider whether a delay in providing a privilege log or the production of an incomplete privilege log constitute waiver—a different waiver issue.  In those cases, the objecting party did assert an objection in the responses to the requests for production; however, there was a delay in providing the privilege log or a

---

[13]*White*, 586 F. Supp. 2d at 1266.

[14]*FTC v. Affiliate Strategies, Inc.*, No. 09-4104-JAR-KGS, 2011 WL 251449, at *3 n.22 (D. Kan. Jan. 26, 2011) (collecting cases); *see also Jacobson v. Starbucks Coffee Co.*, No. 05-1338-JTM-KMH, 2006 WL 3146349, at *2 (D. Kan. Oct. 31, 2006) (finding failure to review computer of defendant's main decisionmaker in wrongful termination case before responding to the plaintiff's request for production to be inexcusable).

[15]*See, e.g.*, *Linnebur*, 2012 WL 1183073, at *6 ("the showing of good cause in this context typically requires at least as much as would be required to show excusable neglect. . . ." (quotation and footnote omitted)).

failure to provide a complete privilege log.[16] Here, Judge Rushfelt's waiver finding was based on the "wholesale failure" to object to the requests for production, with the exception of Request No. 6. To the extent Judge Rushfelt discussed the good cause standard, it was properly considered in the context of waiver for failure to object under Rule 34. Even after Defendant's delayed ESI search, it failed to raise these objections in its supplemental response on June 13, 2011. Application of Rule 34 was not contrary to law.

Moreover, even if the Rule 26 standard for waiver should have superseded the Rule 34 good cause standard, Defendant is incorrect that bad faith or intentional conduct is required before the court can find waiver. Unjustified delay is also repeatedly cited as a sufficient basis to find waiver under Rule 26.[17] And Judge Rushfelt's findings support the conclusion that Defendant's privilege claim as to Request Nos. 1 through 4 and 7 through 11 was waived due to unjustified delay. Judge Rushfelt was unable to find an adequate explanation for Defendant's failure to conduct an ESI search prior to its original response to the FRP. And even after it conducted this search, Defendant failed to assert privilege and work product objections in its supplemental response to the FRP. Given the clearly erroneous standard of review that applies here to Judge Rushfelt's factual finding that the delay was unjustified, the Court need not consider Defendant's policy-based arguments. The Court has reviewed Judge Rushfelt's Order and is not left with the definite and firm conviction that a mistake has been committed.

---

[16]*E.g.*, *White*, 586 F. Supp. 2d at 1265 (finding no waiver after delay in providing privilege log based on timely objections to requests for production); *Sprint Commc'ns Co. v. Big River Tel. Co.*, 08-2046-JWL, 2009 WL 2878446, at *1–2 (D. Kan. Sept. 2, 2009) (declining to find waiver associated with incomplete privilege log); *Sprint Commc'ns Co. v. Vonage Holdings Corp.*, 05-2433-JWL-DJW, 2007 WL 1347754, at *2 (D. Kan. May 8, 2007) (declining to find waiver based on delay in providing privilege log).

[17]*See, e.g.*, *White*, 586 F. Supp. 2d at 1266; *Gipson v. S.W. Bell Tele. Co.*, No. 08-2017-EFM-DJW, 2009 WL 790203, at *11 (D. Kan. Mar. 24, 2009), *objections sustained in part and overruled in part on other grounds by*, 2009 WL 4157948 (D. Kan. Nov. 23, 2009).

Defendant argues in the reply that production of the privilege log fulfilled its burden to expressly assert the objections under Rule 26, and that courts do not find waiver based on piecemeal objections when the privilege log is submitted after the time required to respond under Rule 34. But again, Defendant relies on cases dealing with delays in the production of a privilege log after the objection is timely and properly asserted in responding to the request for production. Here, although the privilege log obviously relayed to Plaintiff that Defendant objects on the basis of attorney-client privilege and/or work product, it was submitted weeks after the response was due and the logs fail to indicate the requests for production to which these documents and objections relate. Judge Rushfelt found that production of the privilege log was insufficient to meet its burden under Rule 34, which requires the assertion of objections in responding to the FRP. Defendant points the Court to no clearly established law that holds that production of a privilege log after the response to a request for production is due relieves the responding party of its duty under Rule 34 to state its objections in responding to request for production. And because the Court does not find that Judge Rushfelt's waiver finding was clearly erroneous or contrary to law, it was not erroneous for him to decline to address the merits of these objections. Defendant has provided the Court with no precedent that required Judge Rushfelt to consider the merits of Defendant's objections; the cases cited by Defendant make clear that this determination is to be made on a case-by-case basis.[18]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to

---

[18]*Mike v. Dymon*, No. 95-2405-EEO, 1996 WL 674007, at *1 (D. Kan. Nov. 14, 1996) ("Although several factors may enter into consideration, each case is nevertheless decided on its own facts and the presence or absence of any one or more factors does not compel a particular result." (quotation omitted)); *Smith v. MCI Telecommunc'ns Corp.*, 124 F.R.D. 665, 686 (D. Kan. 1989) (declining to find waiver when the specific request sought discovery of records compiled by an attorney and recognizing that this is a discretionary decision and that its ruling is limited to the specific facts of the case).

Review Order of Magistrate Judge Regarding Waiver of Attorney-Client Privilege and Objections Regarding Same (Doc. 165) is **overruled and denied**.

**IT IS FURTHER ORDERED** that the March 15, 2012 Stay of Judge Rushfelt's February 24, 2012 Order is lifted. The parties are ordered to fully comply with Judge Rushfelt's February 24, 2012 Order.

Dated: May 14, 2012

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE