IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TRENCE ROBINSON, )<br>)<br>    Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>CITY OF ARKANSAS CITY, )<br>KANSAS, )<br>)<br>)<br>    Defendant. )<br>_____) | Case No. 10-1431-JAR |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Trence Robinson's Motion for Leave to File Surreply (Doc. 184), to Defendant's motion for summary judgment. Defendant has responded and opposes the motion. As described more fully below, the Court grants Plaintiff's motion and provides an additional period of time for Defendant to file a surresponse.

On October 28, 2011, the Court conducted a telephonic status conference with the parties to discuss scheduling issues in the case; at that time trial was set for April 23, 2012 in Wichita, Kansas. The parties agreed that the April trial date was not feasible in light of pending discovery motions before Judge Rushfelt and a looming dispositive motions deadline. The Court granted the City's motion to extend the dispositive motions deadline and continued the trial date. In discussing the dispositive motions deadline, the Court inquired of the parties whether briefing could proceed despite pending discovery motions before Judge Rushfelt. Defendant contended that these motions would have no effect on its summary judgment motion, but conceded that the documents at stake in those motions would be at issue in Plaintiff's summary judgment response.

The Court ultimately continued the dispositive motions deadline to November 18, 2011,

and Defendant filed its motion for summary judgment on that date; Plaintiff responded on January 17, 2012.  Judge Rushfelt ruled on the pending discovery motions on February 24, 2012, granting in part Plaintiff's motion to compel and ordering production of certain documents at issue.  This Court has now overruled and denied Defendant's objections to that Order and lifted the stay of the February 24 Order.[1]

Plaintiff seeks leave to file a surreply to the motion for summary judgment, arguing that the Reply raised a new legal and factual argument and that it is entitled to submit new evidence produced for the first time in March 2012, after the Response was filed, pursuant to Judge Rushfelt's February 24 Order.  Plaintiff admits in a footnote to his motion for leave that there may be more evidence discovered based on subsequent productions.  Indeed, in light of this Court's recent Order overruling and denying Defendant's objections to Judge Rushfelt's Order, Plaintiff has been granted an unopposed extension of time to file any motion to compel based on those productions.

"[I]f the court relies on new materials or new arguments in a reply brief, it may not forbid the nonmovant from responding to those new materials."[2]  In this case, the primary basis for Plaintiff's motion is newly discovered evidence produced in March 2012, after the summary judgment response was filed.  The Court finds that, in the unique procedural posture of this case, a surreply and a surresponse are warranted based on newly discovered evidence, both as identified in the proposed surreply and that may arise after Defendant's forthcoming production ordered by Judge Rushfelt.  Rather than rule on piecemeal motions to supplement the summary

---

[1] Doc. 200.

[2] *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).

judgment record, the Court finds that both parties should be given a supplemental period of time to submit evidence that may be produced for the first time pursuant to Judge Rushfelt's February 24 discovery rulings.  Indeed, Defendant was on notice in October 2011 that a ruling by Judge Rushfelt favorable to Plaintiff could necessitate supplementation. Nonetheless, the Court also is mindful of the October 1, 2012 trial date in this matter and the need for finality in the summary judgment briefing.  Accordingly, the pending motion for leave to file a surreply is granted and Plaintiff is granted leave to file a surreply by no later than June 18, 2012.  Defendant may file a surresponse no later than June 25, 2012.  The surreply and surresponse shall not exceed ten (10) pages in length and shall not advance new arguments not already raised in the existing summary judgment record.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Trence Robinson's Motion for Leave to File Surreply (Doc. 184) is granted.  Plaintiff may file a surreply no later than June 18, 2012.  Defendant may file a surresponse no later than June 25, 2012.  The surreply and surresponse shall not exceed ten (10) pages in length.

Dated: May 16, 2012

 S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE